IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| WINDMILL FARMS, INC., A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>CLIFFORD J. FINDLAY AND DONNA SUE FINDLAY, INDIVIDUALLY AND AS TRUSTEES, CLIFF FINDLAY AND DONNA S. FINDLAY FAMILY TRUST, DATED FEBRUARY 20, 1986; FINDLAY MANAGEMENT GROUP, A NEVADA CORPORATION; FINDLAY-NOLTE AUTOMOTIVE, LLC, AN ARIZONA LIMITED LIABILITY COMPANY; CLIFF FINDLAY AUTOMOTIVE, LLC, AN ARIZONA LIMITED LIABILITY COMPANY; FINDLAY AUTO HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; CLIFF FINDLAY AUTO CENTER, A NEVADA CORPORATION; AND TYLER CORDER,<br>Respondents. | No. 77009<br><br> |
| WINDMILL FARMS, INC., A NEVADA CORPORATION,<br>Appellant,<br>vs.<br>CLIFFORD J. FINDLAY AND DONNA SUE FINDLAY, INDIVIDUALLY AND AS TRUSTEES, CLIFF FINDLAY AND DONNA S. FINDLAY FAMILY TRUST, DATED FEBRUARY 20, 1986; FINDLAY MANAGEMENT GROUP, A NEVADA CORPORATION; FINDLAY-NOLTE AUTOMOTIVE, LLC, AN ARIZONA LIMITED LIABILITY COMPANY; CLIFF FINDLAY AUTOMOTIVE, LLC, | No. 77741 |

SUPREME COURT
OF
NEVADA

(O) 1947A

20-10654

AN ARIZONA LIMITED LIABILITY
COMPANY; FINDLAY AUTO
HOLDINGS, LLC, A NEVADA LIMITED
LIABILITY COMPANY; CLIFF
FINDLAY AUTO CENTER, A NEVADA
CORPORATION; AND TYLER
CORDER,
Respondents.

### ORDER OF AFFIRMANCE

These are consolidated appeals from a final judgment following a bench trial and from an order granting attorney fees in a breach of contract action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Appellant argues the district court abused its discretion in finding that appellant was not entitled to additional records from respondents. We disagree. The record demonstrates that respondents provided appellant over 34,000 pages during discovery, appellant did not seek additional discovery, and appellant did not subpoena records from third parties who likely had the records appellant sought. Further, appellant's argument that respondents failed to provide it with electronic records is belied by the record. Thus, the district court did not abuse its discretion in granting respondents' motions in limine to preclude appellant from discussing whether it was denied access to documents or electronic records at trial or in finding that respondents produced sufficient records to appellant. *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.* 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (providing that this court reviews "a district court's decision to admit or exclude evidence for abuse of discretion"); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d

427, 432 (2013) (explaining that this court will not set aside a district court's factual findings unless they are clearly erroneous or not supported by substantial evidence).

Next, the district court did not abuse its discretion in finding that appellant did not meet its burden of proof to establish its claims for an accounting, breach of contract, or breach of fiduciary duty. Appellant failed to demonstrate misconduct on respondents' part that warrants an accounting. *See Foster v. Arata*, 74 Nev. 143, 154, 325 P.2d 759, 765 (1958) (explaining that there is no absolute right to an accounting and a court will only order an accounting upon proof of official misconduct). Further, the district court's findings that appellant failed to demonstrate a material breach of a contract or a breach of a fiduciary duty by respondents is supported by substantial evidence. *Sowers*, 129 Nev. at 105, 294 P.3d at 432.

Lastly, the district court did not abuse its discretion in awarding respondents attorney fees. *See Thomas v. City of N. Las Vegas*, 122 Nev. 82, 90, 127 P.3d 1057, 1063 (2006) (explaining that this court reviews a decision regarding attorney fees for an abuse of discretion). Respondents were the prevailing party and entitled to attorney fees as such under the operating agreement. Further, appellant did not obtain a more favorable judgment than respondents' offer of judgment, which appellant rejected. NRCP 68. Additionally, the district court carefully went through each of the *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d

31 (1969), factors before concluding the requested attorney fees were reasonable. Accordingly, we

ORDER the judgments of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver


cc:    Hon. Nancy L. Allf, District Judge
James A. Kohl, Settlement Judge
Paul C. Ray, Chtd.
Rice Reuther Sullivan & Carroll, LLP
Eighth District Court Clerk

---

[1]To the extent appellant's arguments are not addressed in this order, we conclude they lack merit.

Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.